AMY L. WINFIELD, APPELLANT, v. ERIE RAILROAD COMPANY, RESPONDENT.

Argued November 29, 1915—Decided January 6, 1916.

The liability imposed upon the carrier by railroad by the Federal Employers' Liability act is limited to cases where the death of the employe results in whole or in part from the negligence of an officer, agent or employe of such carrier, or occurs by reason of some defect or insufficiency, due to its negligence, in its cars, engines, appliances, &c.; hence, when the pleadings or proofs do not disclose that the death of the employe resulted in whole or in part from negligence chargeable to the carrier, the Court of Common Pleas is not ousted of its jurisdiction to assess damages under the provisions of the Workmen's Compensation act of this state.

On appeal from a judgment of the Supreme Court.

For the appellant, *Harry Lane.*

For the respondent, *Clement K. Corbin.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. Mrs. Winfield, the appellant, instituted proceedings in the Hudson County Court of Common Pleas, under the Workmen's Compensation act of 1911, to have compensation awarded to her for the death of her husband, which resulted from an accident occurring in the course of his employment with the defendant company, and which arose out of that employment. Her claim for such compensation was based upon the second section of the statute which provides that "when employer and employe shall by agreement, either express or implied, as hereinafter provided, accept the provisions of section 2 of this act, compensation for personal injuries to, or for the death of, such employe by accident arising out of and in the course of his employment, shall be made by the employer without regard to the negligence of the employer, according to the schedule" set forth in the act. The defendant company set up, as a bar to her right to proceed under the state statute, that, at the time of the accident, it was engaged in commerce between and among the several states and territories of the United States, and the petitioner's decedent was employed by it in such commerce; and that, therefore, the legal rights of the petitioner and obligations of the defendant were to be determined exclusively by the act of congress of the United States entitled "An act relating to the liability of common carriers by railroad to their employes in certain cases," approved April 22d, 1908, and the amendments thereto and supplements thereof.

When the matter came on to be heard, the Common Pleas Court held, on the evidence submitted, that the petitioner's decedent was not employed by the defendant in interstate commerce at the time of the accident which caused his death, and that, consequently, the federal statute had no application.

It thereupon proceeded to fix the petitioner's compensation in accordance with the schedule provided by the state statute and judgment was entered accordingly.

The defendant company sued out a writ of *certiorari* to review the validity of the judgment so entered, and the Supreme Court, upon the return of the writ, held the finding of the lower court that decedent at the time of his death was not employed by the defendant in interstate commerce to be erroneous; that the contrary was shown to be the fact; and that, therefore, the Federal Employers' Liability act of 1908 governed the right of the petitioner to obtain compensation for her husband's death to the exclusion of the state statute. It, for this reason, reversed the judgment of the Court of Common Pleas, and from the judgment of reversal the petitioner has appealed to this court.

We do not find it necessary to determine whether the appellant's decedent came to his death while employed by the defendant in interstate commerce, as the Supreme Court held, or while employed in intrastate commerce, as was found by the Court of Common Pleas, but will assume, for the purpose of deciding this appeal, that the conclusion of the Supreme Court, as to the character of his employment, was justified by the facts proved. The question, then, is whether the widow of an employe of a common carrier by railroad which is engaged in interstate commerce, who comes to his death while he is employed by such carrier in such commerce, must in all cases bring her action to recover compensation under the Federal Employers' Liability act. This question, we think, must be answered in the negative. It may be conceded (although we are not to be considered as so holding) that in all cases where the federal statute affords a remedy, that statute controls to the exclusion of all state laws; but it cannot be that where the federal act affords no remedy—that is, where the death of the employe occurs under such circumstances that no liability is imposed on the carrier by that act, the widow cannot enforce a remedy which is given to her by a state statute. An examination of section 1 of the federal statute shows that the liability of the carrier imposed by that

act is limited to cases where the death of the employe results in whole or in part from the negligence of an officer, agent or employe of such carrier, or occurs by reason of some defect or insufficiency due to its negligence in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves or other equipment. When death results to an employe without such negligence being present as a producing cause, either wholly or partly, the statute imposes no liability upon the carrier. It must follow, therefore, we think, that in order to oust the Court of Common Pleas of jurisdiction in a proceeding brought under our Workmen's Compensation act, it must affirmatively appear either in the pleadings or the proofs that a right of action is given to the widow or personal representatives of the deceased employe by the federal statute; in other words, that his death resulted in whole or in part from negligence chargeable to the defendant company; for such negligence will not be presumed.

What the appellant in the present proceeding seeks to enforce against the defendant company is not a liability arising out of its negligence, but a contractual obligation created by section 2 of our Workmen's Compensation act, with the consent of both employer and employe, and which exists, although no negligence can be imputed to the employer. And this we consider she is entitled to do in the absence of any averment by her, or any proof offered, or any admission made by the defendant company showing that the death of her decedent resulted from defendant's negligence, and thus created a liability against it under the federal statute. No such averment is contained in her petition; no such admission appears in the defendant's answer; and no proof of defendant's negligence was offered by either party.

We conclude, therefore, that the judgment of the Supreme Court should be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, HEPPENHEIMER, WILLIAMS, JJ. 9.