No. 20,496.

J. H. RUTH, *Appellee,* v. THE WITHERSPOON-ENGLAR COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT—*Compensation for Injury Received in "Course of Employment" Only—Not Augmented by Unskillful Surgical Treatment.* In an action under the workmen's compensation act a recovery can be had only upon the basis of disability to labor resulting from the injury received in the course of employment, without the intervention of an independent cause, the separate consequences of which admit of definite ascertainment. It can not be augmented by the fact that the disabling effects of the injury are increased or prolonged by incompetent or negligent surgical treatment, even where the employer is responsible therefor.

2. SAME—*Evidence—Disability—"Course of Employment"—Unskillful Surgery.* The evidence is held not to justify a finding that the permanent character of an employee's disability is the result of the injury received in the course of his employment, rather than of unskillful surgical treatment, and the verdict is set aside for that reason and because the issue relating to malpractice was not sufficiently presented to the jury.

3. SAME—*Evidence—Manner in which Injury Was Received Irrelevant.* In an action under the workmen's compensation act evidence of the manner in which the injury was received is ordinarily irrelevant, and testimony given in that connection of ill treatment of the plaintiff by the foreman under whom he worked may be prejudicial as tending to arouse feeling against the defendant in the minds of the jury.

Appeal from Wyandotte district court, division No. 3; HUGH J. SMITH, judge. Opinion filed May 6, 1916. Reversed.

*Edwin S. McAnany, Maurice L. Alden, Thomas M. Van Cleave,* all of Kansas City, and *Frank L. Barry,* of Kansas City, Mo., for the appellant; *Samuel Maher,* of Kansas City, of counsel.

*J. E. McFadden,* and *O. Q. Claflin, jr.,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

MASON, J.: James H. Ruth recovered a judgment for $4509.20 against the Witherspoon-Englar Company under the workmen's compensation act, and it appeals.

1. The amount of the judgment implied a finding of total disability for the full period of eight years. The principal contention of the defendant is that such a finding was not warranted because, even conceding that the plaintiff is now totally unable to perform labor and that this condition will continue for the period named, the evidence shows that the permanent character of his incapacity is actually the result, not of the injury received while working for the defendant, but of improper surgical treatment. This issue was somewhat obliquely introduced by the pleadings. The answer did not assert that the plaintiff's' condition was in fact due to malpractice, but alleged that he had begun an action against the defendant based upon that theory, stating in his petition that the company was responsible for the fault of the physicians, because they were in its employ and had not been selected with proper care. This method of pleading may have been due to a disinclination on the part of the defendant, in view of the pendency of the other action against it, expressly to admit the malpractice. At the trial the plaintiff made an offer to dismiss the other action, provided the defendant would strike out the portion of its answer relating to this matter. The defendant refused the offer, saying that if this part of the answer were stricken out it would at once ask leave to amend, if the court thought an amendment necessary to enable it to show that the "principal injury" the plaintiff had received "did not arise out of and in the course of his employment"—meaning, as the context

clearly shows, that it was due to the subsequent treatment he had received. The plaintiff was therefore sufficiently advised of the defendant's claim in this regard. The plaintiff was entitled to recover compensation based only upon such disability, total or partial, as resulted from the injury received in the course of his work, without the intervention of an independent agency. The matter is not confused by the need of determining what results might have been anticipated, or by any refined distinctions between proximate and remote causes, for whether and to what extent disability in such a case as the present. has been increased by want of proper surgical care admits of ascertainment with reasonable definiteness and certainty. If it should be proved here, for instance, that the whole effects of the plaintiff's injury would under proper treatment have disappeared within a year, that would obviously be the limit of the period for which he could recover compensation in this action. His judgment here could not be increased by the fact that through the incompetent or negligent handling of the case by physicians a disability which would otherwise have been merely temporary was rendered permanent. (*Della Rocca v. Stanley Jones & Co.,* [1914] W. C. & Ins. Rep. 33, annotated in 6 N. C. C. A. 624.) Even if circumstances had been shown sufficient to charge the defendant with responsibility for the fault of the physicians, the rule would not be altered, for liability under the compensation act can not be made to depend upon the degree of care exercised. A part of the loss occasioned by an accidental injury to a workman is cast upon the employer, not as reparation for wrongdoing, but on the theory that it should be treated as a part of the ordinary expense of operation. So much of an employee's incapacity as is the direct result of unskillful medical treatment does not arise "out of and in the course of his employment" within the meaning of that phrase as used in the statute (Laws 1911, ch. 218, § 1). For that part of his injury his remedy is against the persons answerable therefor under the general law of negligence, whether or not his employer be of the number. It was doubtless desirable that the malpractice issue should have been distinctly presented in the pleadings, but in any event it was incumbent on the plaintiff to show what degree and duration of incapacity was the direct result of the original injury received

in the course of his work, without the intervention of an independent cause.

2. The injury which the plaintiff received while at work for the defendant was the breaking of his leg between the hip and knee. A skiagraph shows a diagonal fracture, the ends of the bone having slipped past each other, a reunion taking place in that position, shortening the leg by about three inches. There was evidence that without a further operation, which would be attended with some danger, the plaintiff can make no use of his leg. But it can hardly be said that a finding was warranted that this condition was caused by the original injury. In his petition in the malpractice case (which had been dismissed as to the doctors, but was still pending as to the company) the plaintiff pleaded explicitly that the permanent character of his disability was due to the unskillful surgery to which he had been subjected. This allegation, being made in another case, was not absolutely conclusive upon him as an estoppel, but was quite persuasive as evidence. It seems clear that the jury did not attempt to distinguish between the effects of the original injury and those of the surgical treatment. The instructions referred in general terms to the disability incurred by reason of the accident, but submitted the issue of its duration without suggesting the possibility of this having been affected by malpractice, although the defendant, having asked no instruction on the point, is not in a position to rely on the omission as specific ground of error. We do not think there was a fair basis for a finding that the accident (apart from the results of malpractice) produced a permanent total disability, or that the jury intended so to find. In this situation a new trial is necessary.

3. The plaintiff, over the objection of the defendant, was permitted to tell how the accident happened, and in this connection to testify that the foreman had sworn at him and over his protest practically forced him into the position of danger where he received the injury. The defendant in its answer admitted that the plaintiff was injured while in its employ, and was entitled to compensation. This evidence was therefore not pertinent to the issues, and the portion regarding his ill treatment by the foreman was prejudicial as tending to excite a feeling against the defendant in the minds of the jury. An

argument is made that the evidence was material because the defendant's attorney (as already mentioned) had asserted the right to show that the principal part of the injury the plaintiff had received did not arise out of and in the course of his employment. As was noted in connection with the earlier reference to the matter, the context makes it plain that this assertion had to do only with the issue relating to malpractice. Whether the error in admitting this evidence would in itself require a reversal need not be determined. It is likewise unnecessary to consider whether any prejudice might have resulted from irrelevant evidence which was introduced but afterwards stricken out.

The judgment is reversed and the cause remanded for a new trial in order that the extent of the disability resulting from the original injury may be determined.