ELLAMAR MINING CO. OF ALASKA v. POSSUS.

(Circuit Court of Appeals, Ninth Circuit. January 7, 1918.)

No. 2949.

1. MASTER AND SERVANT ⬤⟿373—INJURIES TO SERVANT—WORKMEN'S COMPENSATION ACT—"ARISING OUT OF AND IN THE COURSE OF EMPLOYMENT."

Sess. Laws Alaska 1915, c. 71, known as the Workmen's Compensation Act, provides in section 1 that the employer shall be liable to pay compensation in accordance with the schedule therein adopted to each of his employés who receives personal injury by accident arising out of and in course of his or her employment, while section 7 declares that the right to compensation for an injury and the remedy therefor provided by the chapter shall be in lieu of all rights and remedies existing at common law, or otherwise, and no rights or remedies except those provided for by the act shall accrue to employés entitled to compensation under the act. The act was limited to cases of death or injury to employés in the mining industry in the territory, and provided for a trial to be maintained and determined in and by the courts of the territory, and for a judgment creating a personal liability against the employer. Held that, where an employé's injuries arising out of and in the course of his employment were aggravated by insufficient medical attention furnished by the employer pursuant to an agreement with the employé to furnish competent medical and surgical attention in case of the employé's illness or injury, the employé's right to recover for such aggravation injuries did not fall within the act, not being an injury "arising out of and in the course of employment."

2. MASTER AND SERVANT ⬤⟿394—WORKMEN'S COMPENSATION ACT—JOINDER OF ACTIONS.

Comp. Laws Alaska 1913, § 916, declares that plaintiff may unite several causes of action in the same complaint when they all arise, first, out of contract express or implied, and second, injuries with or without force to the person. An Alaska mine employé, alleging that he suffered injuries in the course of his employment, and also from defendant's failure to furnish competent surgical and medical attendance in pursuance of an agreement whereby deductions were made from his wages, joined the two causes of action. Held, that the joinder was proper, the Alaska Workmen's Compensation Act governing the action for injuries arising in the course of employment being elective and having been adopted by the parties, for both causes of action were based on contract.

In Error to the District Court of the United States for the Third Division of the Territory of Alaska; Charles E. Bunnell, Judge.

Action by Tony Possus against the Ellamar Mining Company of Alaska, a corporation. There was a judgment for plaintiff, and defendant brings error. Affirmed.

The defendant in error was the plaintiff in an action in the court below, in which he pleaded two counts. The first was to recover compensation for injuries received by him in the course of his employment in the defendant's

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

mine, and was brought under the provisions of chapter 71 of the Session Laws of Alaska 1915, known as the Workmen's Compensation Act. The second was to recover damages for the aggravation of his injuries and for his suffering by reason of the defendant's neglect to furnish him timely and sufficient surgical care and medical and hospital care; the plaintiff alleging that under the defendant's rules the sum of $1.50 per month had been deducted from his wages for hospital dues, which entitled him to care in a hospital and to competent surgical and medical attendance at the expense of the defendant, in case of his injury or illness arising in the course of his employment. The defendant demurred to the complaint on the ground that the causes of action had been improperly united, and on the further ground that under the first cause of action the plaintiff was entitled to recover all damages which he sustained for aggravation to his injuries through the lack of proper hospital treatment, and that to permit the maintenance of the second count would be to compel the defendant to answer twice in damages for the same cause of action. The demurrer was overruled. The jury by their verdict found for the plaintiff on the first cause of action in the sum of $1,368, and on the second cause of action in the sum of $1.

Section 1 of the Workmen's Compensation Act provides that the employer shall be liable to pay compensation in accordance with the schedule therein adopted to each of his employés "who receives a personal injury by accident arising out of and in the course of his or her employment." The act sets forth a schedule of compensation covering all ordinary and usual injuries arising from accidents in mines resulting in either temporary or permanent disability, and further makes provision for compensation for injuries and disabilities which do not come wholly within any of the specific cases for which provision is made. Section 7 provides: "The right to compensation for an injury, and the remedy therefor provided by this act shall be in lieu of all rights and remedies as to such injury now existing * * * at common law, or otherwise, and no rights or remedies, except those provided for by this act, shall accrue to employés entitled to compensation under this act while it is in effect; nor shall any right or remedy, except those provided for by this act, accrue to the personal or legal representative, dependents, beneficiaries under this act, or next of kin of such employé."

Donohoe & Dimond and W. S. Bonnifield, all of Valdez, Alaska, and George E. De Steiguer, of Seattle, Wash., for plaintiff in error.

John Lyons and E. E. Ritchie, both of Valdez, Alaska, for defendant in error.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge (after stating the facts as above).
[1] The defendant contends that, if the plaintiff is entitled to any compensation or damages for his injuries, he must seek the same under the Workmen's Compensation Act alone, and cites Ross v. Erickson Const. Co., 89 Wash. 634, 155 Pac. 153, L. R. A. 1916F, 319, a case in which it was held that the purpose of the Industrial Insurance Law of Washington (3 Rem. & Bal. Code, §§ 6604—1 et seq.) was to remove from the courts personal injury actions by employés, and was intended to cover, not only injuries, but all aggravations through negligence of a physician engaged by the master and paid out of sums deducted from the wages of employés. But the Industrial Insurance Law of Washington differs materially from the Workmen's Compensation Act of Alaska. The intention of the Washington law, as expressed in the terms thereof, was to withdraw from private controversy all

phases of civil causes for personal injuries to employés, and to abolish the jurisdiction of courts over such causes, and the Supreme Court in the case cited held that the purpose of the act was to end all litigation growing out of, incident to, or resulting from the primary injury, and in lieu thereof to give the workman one recovery in the way of certain compensation, and to make the charge upon the contributing industries alone. Support of that view of the law was found in the fact that provision was made that compensation allowed under the act might be readjusted if aggravation of the disability should take place or be discovered. Again, in Stertz v. Industrial Insurance Com., 91 Wash. 588, 158 Pac. 256, it was said:

"Ours is not an employer's liability act. It is not even an ordinary compensation act. It is an industrial insurance statute. Its administrative body is entitled the 'Industrial Insurance Commission.' All the features of an insurance act are present. Not only are all remedies between master and servant abolished, and, in the words of the statute, all phases of them withdrawn from private controversy, but the employé is no longer to look to the master even for the scheduled and mandatory compensation."

The essential features of the Workmen's Compensation Act of Alaska are the limitation of its provisions to cases of death or injury to employés in the "mining industry of the territory," the limitations and specifications of the amount recoverable in case of death or injury, and the specified disabilities, and the joinder in one action of all claimants injured from the same cause. It provides for a trial to be maintained and determined in and by the courts of the territory, and to be governed by the law of procedure applicable to other actions for the recovery of money. The judgment when rendered creates a personal liability against the employer, and not against a fund created by contributions from or assessments against other employers. We are of the opinion that under the act the plaintiff could not recover for aggravation to his injuries as pleaded in his second count. The act limits recovery thereunder to cases of death or injury arising "out of and in the course of employment." That phrase is one that is commonly used in workmen's compensation acts, and its meaning has been determined in numerous decisions. "This phrase embraces only those accidents which happen to a servant while he is engaged in the discharge of some function or duty which he is authorized to undertake, and which is calculated to further, directly or indirectly, the master's business." 5 Labatt's Master and Servant, § 1806. An injury arises out of the employment if there is a causal connection between the working conditions and the injury, and it must be possible to trace the injury to the nature of the employer's work, or to the risks to which the employer's business exposes the employé. Coronado Beach Co. v. Pillsbury, 172 Cal. 682, 158 Pac. 212, L. R. A. 1916F, 1164; Kimbol v. Industrial Accident Commission, 173 Cal. 351, 160 Pac. 150, L. R. A. 1917B, 595. In Ruth v. Witherspoon-Englar Co., 98 Kan. 179, 157 Pac. 403, L. R. A. 1916E, 1201, construing the Compensation Act of Kansas (Laws 1911, c. 218), the court held that recovery can be had only upon the basis of disability resulting from injury received in the course of employment, and that it cannot be augmented by the fact that the disabling effects of the injury are increased or prolonged by

incompetent or negligent surgical treatment, even where the employer is responsible therefor. The court said:

"So much of an employé's incapacity as is the direct result of unskillful medical treatment does not arise 'out of and in the course of his employment' within the meaning of that phrase as used in the statute. * * * For that part of his injury his remedy is against the persons answerable therefor under the general law of negligence."

Of similar import is the decision of the Supreme Court of California in Pacific Coast Casualty Co. v. Pillsbury, 171 Cal. 319, 153 Pac. 24.

[2] Error is assigned to the trial court's ruling that the causes of action were properly joined. The Compiled Laws of Alaska, § 916, provide:

"The plaintiff may unite several causes of action in the same complaint when they all arise out of: First, contract, express or implied; * * * second, injuries with or without force to the person. * * * But the causes of action so united must all belong to one only of these classes, and must affect all the parties to the action and not require different places of trial, and must be separately stated."

Passing by the question whether or not the two causes of action here pleaded are for injuries "with or without force to the person," we entertain no doubt that they come within the first clause, in that they arise out of "contract express or implied." The Workmen's Compensation Act of Alaska is elective and not compulsory. It applies to those only who choose to avail themselves of its provisions, and agree to abide by its terms. All rights thereunder have their origin in the agreement of the parties. The plaintiff in his first cause of action does not recover on a liability arising out of the defendant's negligence, but on a liability arising out of contractual obligation, and which exists irrespective of the defendant's negligence. Winfield v. Erie R. Co., 88 N. J. Law, 619, 96 Atl. 394. In Madden's Case, 222 Mass. 487, 496, 111 N. E. 379, 383, L. R. A. 1916D, 1000, it is said:

"It is plain and has been said repeatedly that the act eliminates all consideration of tort, penalty, or negligence, save where there has been 'serious and willful misconduct.'"

Several assignments of error relate to exceptions to instructions given, and denial of instructions requested. They are all so plainly without merit as to require no discussion.

The judgment is affirmed.