### SARBER v. ÆTNA LIFE INS. CO. *

Circuit Court of Appeals, Ninth Circuit.
January 9, 1928.

#### No. 5156.

1. **Master and servant ⬅389—Insurance carrier, substituted for employer under Workmen's Compensation Act, is subrogated to employer's rights and duties (St. Cal. 1913, p. 279, as amended).**

Where an insurance carrier is substituted for an employer, under state Workmen's Compensation Act (St. Cal. 1913, p. 279, as amended), it is subrogated to all the rights and duties of the employer.

2. **Master and servant ⬅374—Injured workman is entitled to compensation for extent of disability, though increased by negligence of employer's selected physician (St. Cal. 1913, p. 279, as amended).**

An injured employee is entitled to recover, under state Workmen's Compensation Act (St.

*Rehearing denied February 13, 1928.

Cal. 1913, p. 279, as amended), for the extent of his disability, based on the ultimate result of the accident though the disability may have been aggravated and increased by intervening negligence of the employer's selected physician.

3. **Master and servant ⬅351—California Workmen's Compensation Act provides exclusive remedy for injuries (St. 1913, p. 279, as amended).**

California Workmen's Compensation Act (St. 1913, p. 279, as amended) provides remedy for all injuries, which is exclusive of all other statutory or common-law remedies.

In error to the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Action at law by W. F. Sarber against the Ætna Life Insurance Company. Judgment of dismissal, and plaintiff brings error. Affirmed.

Eddy Knapp and Lyman I. Mowry, both of San Francisco, Cal., for plaintiff in error.

Redman & Alexander, of San Francisco, Cal., for defendant in error.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This was an action for deceit. It appears from the original complaint that on July 23, 1923, the plaintiff was an employee, within the contemplation and under the provisions of the Workmen's Compensation Act of the state of California (St. 1913, p. 279, as amended); that on the above date, in the course of his employment, a small fragment of steel penetrated his leg, causing injury thereto; that the defendant, as insurance carrier, took over and assumed the burdens, duties, and obligations imposed on the employer by the Compensation Act; that the plaintiff immediately demanded of the defendant that the fragment of steel be removed from his leg, but the defendant refused to comply with the demand; that thereafter, in December, 1923, and January, 1924, an operation was performed at the instance of the defendant for the purpose of removing the fragment of steel, but the same was not then removed; that defendant not only concealed from plaintiff the fact that the fragment of steel had not been removed, but actually informed him that it had been so removed; that plaintiff remained in ignorance of the fact that the fragment of steel had not been removed until August, 1925; that on April 26, 1926, a second operation was performed, and the fragment of steel was then removed; that until

such fragment of steel was extracted and removed plaintiff suffered great physical pain and was unable to work and earn a living; that he incurred certain expenses for the services of physicians and surgeons; and that by reason of the deceit thus practiced upon him he was damaged in the sum of $10,000 in all. Some of the foregoing facts appear only inferentially from the complaint, but on the argument before this court the facts were assumed to be as above set forth. The defendant demurred to the complaint, on the ground, among others, that the court had no jurisdiction of the subject-matter of the action or of the parties, because jurisdiction was vested exclusively in the Industrial Accident Commission of the state, under the provisions of the Compensation Act. The demurrer was sustained without leave to amend, and the judgment of dismissal is now before us for review.

[1] It should be stated at the outstart that, when the insurance carrier is substituted for the employer under the provisions of the Compensation Act, the carrier is subrogated to all the rights and duties of the employer. Two questions are therefore presented for decision: Was the plaintiff in error entitled to compensation under the Compensation Act for the injuries set forth in his complaint? And, if so, is the remedy there given an exclusive one?

[2] Under the great weight of authority the employer is liable for all legitimate consequences following an accident, including unskillfulness or error of judgment of the physician furnished as required, and the employee is entitled to recover under the schedule of compensation for the extent of his disability, based on the ultimate result of the accident, regardless of the fact that the disability has been aggravated and increased by the intervening negligence or carelessness of the employer's selected physician. Drengwitz v. Lincoln Coal & Brick Co., 317 Ill. 302, 148 N. E. 79, 39 A. L. R. 1270; Pawlak v. Hayes, 162 Wis. 503, 156 N. W. 464, L. R. A. 1917A, 392; Oleszek v. Ford Motor Co., 217 Mich. 318, 186 N. W. 719; Kirby Lumber Co. v. Ellison (Tex. Civ. App.) 270 S. W. 920; Ross v. Erickson Const. Co., 89 Wash. 634, 155 P. 153, L. R. A. 1916F, 319; Smith v. Missouri, K. & T. Ry. Co., 76 Okl. 303, 185 P. 70; Booth & Flinn v. Cook, 79 Okl. 280, 193 P. 36. The rule is the same in common-law actions for negligence. See Hooyman v. Reeve, 168 Wis. 420, 170 N. W. 282, and cases above cited.

[3] For these reasons, we are of opinion that the original accident was the proximate cause of the damages claimed in this action, and the state Compensation Act provides what the Legislature has deemed just and adequate compensation for all such injuries. If we are correct in this conclusion, there is little room to doubt that the remedy thus provided is exclusive of all other remedies, common-law or statutory, as between the employee, on the one hand, and the employer and the insurance carrier, on the other, and that the exclusive provisions of the Compensation Act cannot be evaded by bringing an action in some other form or under some other name. Thus the original Compensation Act of the state (St. 1913, p. 279) provided for an election of remedies by an injured employee, where the injuries were caused through gross or willful misconduct of the employer; but by an amendment in 1917 (St. 1917, p. 831) the right of election was abrogated in such cases, and provision made for additional compensation. The validity of this latter provision was challenged in De Carli v. Associated Oil Co., 57 Cal. App. 310, 207 P. 282, but in overruling the challenge the court said:

"The remedy here provided for has been held to be exclusive of all other statutory or common-law remedies, and the constitutionality of the provision has been upheld in numerous cases. E. Clemens Horst Co. v. Industrial Acc. Com., 184 Cal. 180, 193 P. 105, 16 A. L. R. 611. See, also, Western Metal Supply Co. v. Pillsbury, 172 Cal. 407, 156 P. 491, Ann. Cas. 1917E, 390; San Francisco Stevedoring Co. v. Pillsbury, 170 Cal. 321, 149 P. 586; Dominguez v. Pendola, 46 Cal. App. 220, 188 P. 1025; Helme v. Great Western Milling Co., 43 Cal. App. 416, 185 P. 510. As pointed out in these cases, the Constitution authorizes a complete system of workmen's compensation, and the language employed is comprehensive enough and was intended to include all injuries, irrespective of the manner in which they might occur. The contention of appellant, therefore, that the language employed in the Constitution is a limitation on the power of the Legislature is without merit."

See, also, Ross v. Erickson Const. Co., supra.

The judgment of the court below is affirmed.