**ROMAN v. SMITH et al.**

**No. 1120.**

District Court, D. Idaho, N. D.
May 31, 1930.

Farley, Young & Farley, and Francis A. Garrecht, all of Spokane, Wash., for plaintiff.

E. J. Cannon, of Spokane, Wash., and H. J. Hull, of Wallace, Idaho, for defendants.

CAVANAH, District Judge.

The plaintiff brings this action to recover damages from defendants Smith and Werlich, licensed surgeons and physicians doing business under the firm name of the Wallace Hospital, and the Hartford Accident & Indemnity Company, alleged to have been suffered by reason of the unskillfulness and carelessness of one Horsky, acting for the physicians in setting and bringing the fractured ends of the femur bone in plaintiff's left thigh so that a union might be effected. Smith and Werlich owned and operated the hospital, and under contract with the Callahan Zinc & Lead Company they obligated themselves to provide medical and surgical treatment and hospital attendance for the employees of the company. Plaintiff elected and was entitled to receive the benefit of the hospital contract prior to receiving his injury, which occurred on May 26, 1928, while engaged in work in the mine of the Callahan Company. Immediately after receiving his injury he was removed from the mine and taken to the hospital and placed in charge of the doctors for treatment, who then placed him in charge of Horsky, an employee of theirs. It is charged that the insurance company was surety for the Callahan Company, and stands in relation to plaintiff as plaintiff's employer under the provisions of the Workmen's Compensation Law of Idaho. He was an employee within the contemplation and under the provisions of the Compensation Act of the state. The inquiry here is, Was the injury for which plaintiff is seeking compensation so related to and connected with the injury he received by reason of the accident as to authorize an award under the Compensation Act, and, if so, is the remedy thus provided exclusive of all other remedies? It is evident from a reading of the Idaho Workmen's Compensation Act that the Legislature intended to withdraw from private controversy and insure relief for injured workmen regardless of the question of fault and to the exclusion of every other remedy, except as provided by section 6220, C. S. Idaho, of the act, which reads:

"When an injury for which compensation is payable under this chapter shall have been

sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation under this chapter or obtain damages from or proceed at law against such other person to recover damages; and if compensation 'is claimed and awarded under this chapter any employer having paid the compensation or having become liable therefor shall be subrogated to the rights of the injured employee to recover against that person: Provided, If the employer shall recover from such other person damages in excess of the compensation already paid òr awarded to be paid under this chapter, then any such excess shall be paid to the injured employee less the employer's expenses and costs of action."

■ The theory of the act is to insure compensation for an injured workman against the consequences of accident, and where his condition is directly attributable to his employment as to invoke the benefits of the act. Such results as are proximately traceable to the original injury are within the contemplation of the act. It is not a question as to whether such injured workman can recover against any particular person, unless the injury is not the proximate result of the original injury which would give an independent right of action. An employee may recover under the act compensation for a new injury or an aggravation of his original injury, resulting from surgical or medical treatment, when there is no intervening independent cause to break the chain of causation between the new injury and the original injury, and this rule seems to apply even where the disability has been increased by the intervening carelessness of the employer's selected physician. It is now recognized that surgical treatment is an incident to every case of injury, and, where a workman meets with an accident and is taken to a hospital and placed under the care of the employer's physician, he is, under the law, still in the course of his employment.

In a well-considered case, where the facts are similar to those here, Judge Rudkin has disposed of this question and held that the original accident of a workman was the proximate cause of the damages claimed, and that the State Compensation Act provides just and adequate compensation for all injured workmen, which is exclusive of all other remedies. Sarber v. Aetna Life Ins. Co. (9 C. C. A.) 23 F.(2d) 434. The state of Washington has a statute somewhat similar to the Idaho act, and the Supreme Court of that state has given that statute the same construction as is here being given to the Idaho act. Ross v. Erickson, 89 Wash. 634, 155 P. 153, L. R. A. 1916F, 319. See also Drengwitz v. Lincoln Park Coal & Brick Co., 317 Ill. 302, 148 N. E. 79, 39 A. L. R. 1270.

■ But counsel for plaintiff urges that this case comes within the above-quoted exception of the act, which gives to an injured employee the option of either claiming compensation under the act or to proceed at law against some other person, where the injury was sustained under circumstances creating in such person than the employer a legal liability to pay damages in respect thereto. The exception referred to gives to the injured employee the right to elect whether to sue the tort-feasor or to claim under the act, and gives the employer who pays compensation the right to sue the tort-feasor, thus providing that the two rights of the employee and the employer are separate and distinct. The plaintiff would not, under the facts disclosed in the complaint, have the right to elect whether to sue the physicians or claim under the act, because the injury from the malpractice of the defendant physician employed by the employer of plaintiff was the proximate result of the original injury, and therefore his remedy entitled him to compensation under the act and is an exclusive one. As to the further thought that because the defendant insurance company was surety of the employer and stands in relation to plaintiff as plaintiff's employer under the act, and has refused to bring this action for plaintiff's benefit, and give to plaintiff the right to maintain the action under the exception giving to the employer the right to sue a tort-feasor, it will be seen that the exception given to the employer who has paid compensation under the act, or having become liable therefor, is to be subrogated to the rights of the injured employee to recover against the tort-feasor, which is a personal right given to the employer and not to the employee. This attempt of the plaintiff to require the insurance company to bring the action under the exception is evidence that he has accepted compensation under the act, because the employer, or the insurance company, who it is alleged stands in the relation to plaintiff as plaintiff's employer, must first have paid compensation to the injured employee before he could assert any right to bring an action against the tort-feasor.

From the conclusion thus reached, the complaint does not state a cause of action,

nor has the court jurisdiction of the subject of the action, and the motions to strike and the demurrers of the defendants are sustained and the action dismissed.