## FERNANDEZ v. GANTZ et al.

### Civ. A. No. 1693-51.

United States District Court
District of Columbia.

July 11, 1953.

Josiah Lyman, Washington, D. C., for plaintiff.

Robert E. Anderson, Washington, D. C., for defendants.

MORRIS, District Judge.

The plaintiff, who received injuries during the course of his employment by defendant Able Contractors, Inc., was treated by the physician defendants, Gantz and Gray, for such injuries, pursuant to their employment by defendant American Mutual Liability Insurance Company, the insurance carrier of a workmen's compensation policy for the employer. In this suit plaintiff alleges in count one that the defendants neglected and failed to provide adequate and proper medical care and attention to him, resulting in his permanent injury and deformity and much physical pain and mental anguish, and in count two that the defendants contracted with the plaintiff that they would exclusively provide adequate and proper medical care and attention to him, which they failed to do. Damages

are sought for the alleged negligent treatment of the plaintiff and for a breach of the alleged contract.

Defendant American Mutual Liability Insurance Company has filed a motion for summary judgment, asserting that any and all liability owed by it to the plaintiff was paid pursuant to an award of compensation in the amount of $4,100 for temporary total and permanent partial disability resulting from the above mentioned injuries. The payment of this award by the defendant employer and defendant insurance carrier was directed by the Deputy Commissioner, Bureau of Employees Compensation, District of Columbia Compensation District, upon the conclusion of a hearing of plaintiff's claim for compensation under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. Chapter 18, § 901 et seq., made applicable to the District of Columbia by Section 36–501 of the District of Columbia Code 1951 Edition, 33 U.S.C.A. § 901 note.

The question of whether the employer and carrier are liable in a suit at law for the malpractice of physicians furnished by them to an employee seems to be one of first impression in this jurisdiction. Elsewhere the authorities are divided, some holding that so much of the employee's incapacity as is the direct result of unskillful medical treatment does not arise "out of and in the course of his employment" within the meaning of the workmen's compensation statutes, and that the employee's remedy for such incapacity is against the persons answerable therefor under the general law of negligence. Ruth v. Witherspoon-Englar Co., 98 Kan. 179, 157 P. 403, L.R.A.1916E, 1201; Ellamar Mining Co. of Alaska v. Possus, 9 Cir., 247 F. 420. Under the great weight of authority, however, the employer is liable for all legitimate consequences following an accident, including unskillfulness or error of judgment of the physician furnished as required, and the employee is entitled to recover under the schedule of compensation for the extent of his disability, based on the ultimate result of the accident, regardless of the fact that the disability has been aggravated and increased by the employer's selected physi-

cian, and that this remedy is exclusive. Sarber v. Aetna Life Ins. Co., 9 Cir., 23 F.2d 434, Brown v. Sinclair Refining Co., 86 Okl. 143, 206 P. 1042, and notes in 127 A.L.R. 1108.

As stated above, the award included compensation for the injuries herein claimed to have resulted from the alleged malpractice. I cannot reach the conclusion that the employer or his insurance carrier is answerable in damages beyond the award for compensation for the malpractice of a physician furnished in accordance with the requirements of the statute in the absence of any negligence in the selection of such physician, which is not here alleged. Accordingly, the motion for summary judgment by defendant American Mutual Liability Insurance Company will be granted.

Counsel will prepare an appropriate order carrying this decision into effect.