**John J. LEAHY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 12684.**

United States District Court
E. D. New York.

March 14, 1958.

Robert E. Barnes, Flushing, N. Y. (John P. Connolly, Flushing, N. Y., of counsel), for plaintiff.

Cornelius W. Wickersham, Jr., U. S. Atty., E. D. New York, Brooklyn, N. Y. (Robert C. Carey, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for defendant.

BRUCHHAUSEN, District Judge.

The plaintiff brings this action to recover damages for personal injuries, pursuant to the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq.

It appears that in the month of July 1949, the plaintiff, in the course of his

employment as a Government employee, sustained personal injuries; that in the month of March 1950 he was admitted as a patient in the United States Public Health Service Hospital at Staten Island, New York; that in the month of April 1950 he was operated upon there; that on June 10, 1950, while still at that hospital, recuperating from such operation, he claims that he had an accident. He alleges that, while walking along the corridor of the fifth floor of the hospital a large machine, used for buffing the floor, suddenly swung around causing its handle to strike him in the back, at the point where he had been operated upon.

The defendant contends that this Court lacks jurisdiction in that the plaintiff's claim is governed by the Federal Employees' Compensation Act, 5 U.S.C.A. § 751 et seq. The Act provides for the payment of compensation to its employees, injured in the performance of their duties, the details of payment and the procedures. The language of the Act, in part, is as follows:

"Section 751. The United States shall pay compensation as hereinafter specified for the disability or death of an employee resulting from a personal injury sustained while in the performance of his duty * *."

"Section 757. As long as the employee is in receipt of compensation under this chapter, * * * he shall not receive from the United States any salary * * *.

"Section 759. * * * the United States shall furnish to the employee all services, appliances, and supplies prescribed or recommended by duly qualified physicians which, in the opinion of the Secretary, are likely to cure or to give relief or to reduce the degree or the period of disability or to aid in lessening the amount of the monthly compensation.

\* \* \* \* \*

"Section 790. The term 'injury' includes, in addition to injury by accident, any disease proximately caused by the employment."

It is clear that if the plaintiff's injuries, arising out of the accident of June 10, 1950, were sustained by him while in the performance of his duty as a Government employee or, in other words, during the course of his employment, his sole remedy is to claim the benefits, prescribed by the Compensation Act.

In the case of Roman v. Smith, D.C., 42 F.2d 931, 932, the Court in construing a compensation statute of the State of Idaho held that an injured workman, taken to a hospital under the care of his employer's physician is "still in the course of his employment." It appeared therein that the injury for which he was taken to the hospital was aggravated by malpractice of the physician at the hospital. The Court in holding that the workman was restricted in remedy under the compensation law said:

"An employee may recover under the act compensation for a new injury * * * resulting from surgical or medical treatment, when there is no intervening independent cause to break the chain of causation between the new injury and the original injury, and this rule seems to apply even where the disability has been increased by the intervening carelessness of the employer's selected physician. It is now recognized that surgical treatment is an incident to every case of injury, and, where a workman meets with an accident and is taken to a hospital and placed under the care of the employer's physician, he is, under the law, still in the course of his employment."

To the same effect are Fernandez v. Gantz, D.C., 113 F.Supp. 763, Rickman v. E. I. Du Pont De Nemours & Co., 10 Cir., 157 F.2d 837, and Volk v. City of New York, 284 N.Y. 279, 281, 30 N.E.2d 596.

In a similar situation, construing a like provision in a California Compensation Act, West's Ann.Cal.Labor Code, §

3201 et seq., the Court in the case of Sarber v. Aetna Life Insurance Company, 9 Cir., 23 F.2d 434, 435, said:

"Under the great weight of authority the employer is liable for all legitimate consequences following an accident, including the unskillfulness or error of judgment of the physician furnished as required, and the employee is entitled to recover under the schedule of compensation for the extent of his disability, based on the ultimate result of the accident, regardless of the fact that the disability has been aggravated and increased by the intervening negligence or carelessness of the employer's selected physician."

In the case of O'Leary v. Brown-Pacific-Maxon, 340 U.S. 504, 71 S.Ct. 470, 471, 95 L.Ed. 483, it appeared that the claimant's intestate was in the employ of a contractor doing work on the Island of Guam; that the contractor maintained for its employees a recreation center near the shoreline, along which ran a channel dangerous to swimmers; that the employee was drowned in an attempt to rescue several men in the channel.

The hearing Commissioner found as a fact that "at the time of his drowning and death the deceased was using the recreational facilities sponsored and made available by the employer for use of its employees and such participation by the deceased was an incident of his employment, and that his drowning and death arose out of and in the course of said employment." In upholding the award Mr. Justice Frankfurter writing for the Court said:

"Workmen's compensation is not confined by common-law conceptions of scope of employment. * * * The test of recovery is not a causal relation between the nature of employment of the injured person and the accident. Thom v. Sinclair [1917] A.C. 127, 142. Nor is it necessary that the employee be engaged at the time of the injury in activity of benefit to his employer. All that

is required is that the 'obligations or conditions' of employment create the 'zone of special danger' out of which the injury arose."

The Court finds that the plaintiff, while at the said hospital and more particularly while on the fifth floor thereof on June 10, 1950, was in the performance of his duty.

Under these circumstances, the defendant is entitled to judgment.