**Bernardo BALANCIO, Plaintiff**

**v.**

**UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.

Dec. 1, 1958.

Morris Hirschhorn, New York City, for plaintiff.

Arthur H. Christy, U. S. Atty., for Southern Dist. of N. Y., New York City, for defendant.

NOONAN, District Judge.

The defendant has moved this court for an order dismissing the amended complaint in this action, on the grounds that the plaintiff has failed to state a claim under the Federal Tort Claims Act 28 U.S.C. § 1346(b). The defendant bases this contention on the ground that the plaintiff's exclusive remedy lies under the Federal Employees' Compensation Act, 5 U.S.C.A. § 751 et seq.

The salient facts of this action are as follows. The plaintiff, a civilian seaman, employed by the defendant was injured in the course of his employment. As a result of the injuries he sustained he was admitted to the United States Public Health Service Hospital in Seattle, Washington. The plaintiff alleges that due to the negligent treatment he received at this hospital he sustained serious permanent injuries. The plaintiff contends this act of malpractice is an independent tort and that it occurred subsequent to his period of employment and thus compensation is not the exclusive remedy.

The defendant contends that during the period of the plaintiff's hospitalization he maintained his status as a government employee with the result that

any recovery for the injuries sustained whether these injuries be in the realm of aggravation or not must be under the Compensation Act.

The cases of Johansen v. United States, 343 U.S. 427, 72 S.Ct. 849, 855, 96 L.Ed. 1051; and Sasse v. United States, 7 Cir., 201 F.2d 871, firmly establish the law that a civilian seaman injured during the course of his employment has as his exclusive remedy compensation.

With the law thus established on this point we must now resolve the issue as to whether at the time of the alleged malpractice the plaintiff was in the course of his employment.

While this precise point appears to be a novel one in this district, the question has been resolved in many other jurisdictions.

In the case of Sarber v. Aetna Life Insurance Company, 23 F.2d 434, on page 435, decided by the Circuit Court of Appeals for the Ninth Circuit, Judge Rudkin, speaking for the court, stated:

"Under the great weight of authority the employer is liable for all legitimate consequences following an accident, including unskillfulness or error of judgment of the physician furnished as required and the employee is entitled to recover under the schedule of compensation for the extent of his disability, based on the ultimate result of the accident, regardless of the fact that the disability has been aggravated and increased by the intervening negligence or carelessness of the employer's selected physician". (Citations omitted.)

When the same issue arose in the District Court of Idaho in the case of Roman v. Smith, 42 F.2d 931, 932, Judge Cavanah, following the Sarber case, stated:

"It is now recognized that surgical treatment is an incident to every case of injury, and, where a workman meets with an accident and is taken to a hospital and placed under the care of the employer's physician, he is, under the law, still in the course of his employment."

For cases to the same effect Fernandez v. Gantz, D.C., 113 F.Supp. 763; Schulz v. Standard Accident Insurance Co., 125 F.Supp. 411.

In the very recent case of Leahy v. United States, D.C.E.D.N.Y.1958, 160 F. Supp. 519, decided in this Circuit, Judge Bruchhausen granted the defendant's motion to dismiss the complaint in an action similar to the case at bar.

In the Leahy case, the plaintiff, a civilian employee of the defendant was injured during the course of his employment. As a result of these injuries, an operation was performed upon the plaintiff at a government hospital and, while recuperating in this hospital, he was struck by the handle of a floor buffing machine at or near the operative site. Judge Bruchhausen, citing Roman v. Smith (supra) and Sarber v. Aetna Life Insurance Co. (supra) held that the plaintiff was injured during the course of his employment and therefore his exclusive remedy was under the Compensation Act.

There can be no doubt that Judge Bruchhausen realized that the blow received by the plaintiff was an independent tort and yet the court held that the plaintiff's exclusive remedy was under the Compensation Act

It is the opinion of this court that if any act of malpractice was committed upon the person of the plaintiff, it was committed during the course of his employment and therefore his remedy is under the Compensation Act. The motion of the defendant is, therefore, granted and the amended complaint dismissed for failure to state a claim.

So ordered.