**KIRKHAM et al. v. PACIFIC GAS & ELECTRIC CO. et al.**

No. 24971.

District Court, N. D. California, S. D.

Dec. 19, 1947.

Gladstein, Andersen, Resner & Sawyer, of San Francisco, Cal., for plaintiff.

Keyes & Erskine, of San Francisco, Cal., for defendant.

GOODMAN, District Judge.

Defendant's motions to dismiss and for summary judgment in favor of defendant have been argued, briefed and submitted for decision. In support of the motion for summary judgment, defendant submitted affidavits which were not controverted and also certain contracts and bookkeeping material, also not controverted.

The motion to dismiss is upon the ground that the Court lacks jurisdiction of the claim set forth in the amended complaint. Sec. 2(a–d) "Portal to Portal Act of 1947," 29 U.S.C.A. § 252(a–d). The motion for summary judgment is, in part, upon the same ground. The affidavits and other admitted facts, supporting the motion for summary judgment, may therefore justly be considered to "speak" for the motion to dismiss. See San Francisco Lodge No. 68 v. Forrestal, D.C., 58 F.Supp. 466; Central Mexico Light & Power Co. v. Munch, 2 Cir., 116 F.2d 85; National War Labor Board v. Montgomery Ward & Co., 79 U.S.App.D.C. 200, 144 F.2d 528, 531.

At the time of argument upon the motions, the Court offered plaintiffs an opportunity to further amend the complaint, but counsel elected to submit the motions on the record before the court. (Tr. pp. 64, 65.)

This court lacks jurisdiction of the cause. 29 U.S.C.A. § 252. Alameda v. Paraffine Cos., D.C., 75 F.Supp. 282, and cases therein cited. Johnson v. Park City Consol. Mines Co., D.C., 73 F.Supp. 852; Ditto

v. American Aluminum Co., D.C., 73 F. Supp. 955.

The motion to dismiss is granted and summary judgment is granted in favor of the defendant upon the ground that the court lacks jurisdiction of the cause.

Note: Motion to vacate the foregoing judgment was denied on March 16, 1948.