## RYAN v. BETHLEHEM SPARROWS POINT SHIPYARD, Inc.

No. 6308.

United States Court of Appeals Fourth Circuit.

Argued Nov. 7, 1951.

Decided Dec. 6, 1951.

Robert E. Coughlan, Jr., Baltimore, Md. (Robert G. Sheller, Joseph J. Brophy, New York City, and Lord, Whip & Coughlan, Baltimore, Md., on brief), for appellant.

Norman P. Ramsey, Baltimore, Md. (Rignal W. Baldwin and Semmes, Bowen & Semmes, all of Baltimore, Md., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

Plaintiff, Ryan, brought a civil action in the United States District Court for the District of Maryland, seeking damages for personal injuries alleged to have been sustained as the result of defendant's negligence. Defendant filed a motion to dismiss the complaint; plaintiff filed a motion to dismiss the defendant's motion. Both motions were argued together. The District Judge sustained the defendant's motion. Later plaintiff moved to reargue defendant's motion and asked the District Judge to set aside his order dismissing the complaint. This last motion was denied. Plaintiff has duly appealed. We think the defendant's motion for summary judgment was improvidently granted, that the judgment of the District Court must be reversed and the case remanded to that Court for further proceedings.

Plaintiff's complaint stated: "* * * on or about March 24, 1950, the Plaintiff was lawfully and rightfully on the premises of the Defendant and had been engaged in changing a valve on a machine in the hold of a vessel which was being constructed by the Defendant, its agents, servants and employees, at Defendant's shipyard, Sparrows Point, Maryland, said vessel being known as Hull No. 4478. * * * The Plaintiff further states that he had completed his work and at about 3:30 P. M., was in the act of leaving the aforesaid vessel and while carefully and prudently using the scaffolding, planking or catwalks, which had been erected or built on said vessel by the Defendant, its agents, servants and employees, the scaffolding, planking or catwalks suddenly and without warning gave way and collapsed, causing the Plaintiff to fall a distance of about twelve (12) feet and as a result thereof to sustain serious, painful and permanent injuries * * *."

Defendant's motion to dismiss contained the following allegations: "That the plaintiff was at the time of the accident an employee of the Carrier Corporation, a sub-contractor employed by the defendant to perform certain work necessary in the construction of said vessel and as such was under the coverage of the Workmen's Compensation Act of Maryland, Art. 101 Flack's

Annotated Code of Maryland. That the defendant has secured compensation to its employees and their defendants in accordance with the provisions of the Workmen's Compensation Act, Art. 101, Flack's Annotated Code of Maryland, and the remedy of the plaintiff under the Workmen's Compensation Act is exclusive."

The defendant's motion was granted by the District Court on the basis of this allegation and the case of State to Use of Hubert v. Bejamin F. Bennett Building Co., 154 Md. 159, 140 A. 52.

■ It seems quite clear that defendant's motion could not have been granted solely on the allegations in plaintiff's complaint, which did not even allege that plaintiff was an employee of the Carrier Corporation or that defendant was an independent contractor in building the vessel. It was stated in plaintiff's motion to dismiss the motion, however, that he was an employee of the Carrier Corporation and this was admitted on the argument of the motions as was also the fact that defendant was constructing the vessel under contract for A. C. Tankers, Inc. We think that plaintiff for the purposes of the motion to dismiss, is bound by these admissions. U. S. Hoffman Machinery Corporation v. Richa, D.C., 78 F.Supp. 969; Kirkham v. Pacific Gas & Electric Co., D.C., 78 F.Supp. 658; Frankel v. Bethlehem-Fairfield Shipyard, Inc., D.C., 46 F.Supp. 242, 243, affirmed, 4 Cir., 132 F.2d 634. At the same time, plaintiff's counsel strenuously denied that Carrier Corporation was a sub-contractor of defendant so as to bring the case within the Maryland Workmen's Compensation Act, as interpreted in the Bennett case, supra. The contract between defendant and A. C. Tankers, Inc. is not in the record.

No affidavits were filed by either plaintiff or defendant. Plaintiff filed suit against defendant, based on this accident, in the Queens County Division of the Supreme Court of New York but was unable to obtain service on defendant in that State. The record in that suit was not before the District Court and is not before us.

Manifestly, the District Judge granted a summary judgment for defendant on the basis that the Carrier Corporation was a sub-contractor under defendant, in the construction of Hull No. 4478. Nor does it appear that plaintiff was on the premises of defendant in the capacity of supervising engineer of the Carrier Corporation. It is not shown by the record or admissions in what capacity plaintiff was on the premises of defendant. For aught that appears he may have been there as an employee of Carrier Corporation for the purpose of servicing equipment that it had sold and not for the purpose of performing work that it had undertaken either as subcontractor or as independent contractor. The relationship between Carrier Corporation and defendant here is fixed by contract. Although this contract was available in the District Court, it was not made a part of the record and no evidence or affidavit was introduced to show its terms and provisions. Thus, in defendant's brief, we find the statement: "In November of 1948 Carrier Corporation contracted with the Defendant to furnish refrigerating equipment for several vessels being constructed by the Defendant, including Hull No. 4478. As part of the contract Carrier agreed to furnish the services of a supervising engineer to charge, test, dehydrate and place the system in operation."

Nothing in the record bears out this statement. See Federal Rules of Civil Procedure, Rule 12(b), 28 U.S.C.A. See, also, Long Co. v. State Accident Fund, 156 Md. 639, 144 A. 775; Sparks v. England, 8 Cir., 113 F.2d 579; Wall & Beaver Street Corporation v. Munson Line, 4 Cir., 58 F.Supp. 101. In short, it is impossible to tell from the record the precise nature of the contract between Bethlehem and Tanker; the precise nature of the contract between Bethlehem and Carrier; or the precise character of the work which the plaintiff was doing on the ship shortly before he was injured in leaving the vessel.

■ We think, accordingly, that on the record before the Court, the District Judge improvidently granted the defendant's motion for summary judgment in its favor. The judgment of the District Court is,

therefore, reversed, and the case is remanded to that Court for further proceedings consistent with this opinion.

Reversed and remanded.