KEGLEY, Use of Himself and Public Service Mutual Insurance Company *v.* VULCAN RAIL AND CONSTRUCTION COMPANY

[No. 51, October Term, 1953.]

*Decided January 8, 1954.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Eugene A. Alexander, III,* with whom were *Philip V. Hendelberg, W. Hamilton Whiteford* and *Wilbur D. Preston, Jr.,* on the brief, for the appellant.

*Thomas G. Andrew,* with whom was *Jesse Slingluff, Jr.,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

The question presented in this appeal is whether the rule of immunity from suit of a principal contractor, liable for the payment of workmen's compensation to

the employee of his subcontractor, applies where the person sued is an intermediate subcontractor of the general contractor.

Woodrow Kegley, an employee of Arthur Phillips and Company, sustained injuries on April 21, 1952, while unloading steel beams delivered to the site where a public school building was being erected. The principal contractor was Leimbach Construction Corp., which in turn had entered into a written contract with the appellee, Vulcan Rail and Construction Company, to furnish and erect the structural steel. Vulcan in turn entered into a written contract with Arthur Phillips and Company whereby Phillips agreed to furnish the labor, material and equipment for the erection of the steel. Kegley claimed and was awarded workmen's compensation from his employer, Arthur Phillips and Company, and the employer's insurer, Public Service Mutual Insurance Company. Kegley then brought a third party action, for his own use and the use of the insurer, against Vulcan, alleging negligence on the part of the defendant's servants. Vulcan filed a general issue plea and a second plea setting up the facts that Phillips was the subcontractor of Vulcan, who was the subcontractor of Leimbach, and alleging that Vulcan was liable to pay compensation as a principal contractor of Phillips and immune to a tort action by the plaintiff under the Compensation law. The court overruled a demurrer to this plea, and, on motion, entered a summary judgment for the defendant.

Section 63, Article 101 of the 1951 Code provides as follows:

"When any person as a principal contractor, undertakes to execute any work which is part of his trade, business or occupation which he has contracted to perform and contracts with any other person as sub-contractor, for the execution by or under the sub-contractor, of the whole or any part of the work undertaken by the principal contractor, the principal contractor shall be liable to pay to any workman employed in the execution

of the work any compensation under this Article which he would have been liable to pay if that workman had been immediately employed by him; and where compensation is claimed from or proceedings are taken against the principal contractor, then, in the application of this Article, reference to the principal contractor shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the workman under the employer by whom he is immediately employed.

"Where the principal contractor is liable to pay compensation under this section, he shall be entitled to indemnity from any employer, who would have been liable to pay compensation to the employee independently of this section, and shall have a cause of action therefor against such employer.

"Nothing in this section shall be construed as preventing a workman from recovering compensation under this Article from the sub-contractor instead of from the contractor.

"Whenever an employee of a sub-contractor files a claim under this Article against the principal contractor, the principal contractor shall have the right to join the sub-contractor or any intermediate contractors as defendant or co-defendant in the case."

Our decisions clearly hold that if the person charged would have been liable for compensation payments, had claim been filed against him, immunity from tort action under Section 59 of the Article necessarily follows. *State, use of Reynolds v. City of Baltimore,* 199 Md. 289, 294; *Long Co. v. State Accident Fund,* 156 Md. 639, 644; *State, use of Hubert v. Bennett Bldg. Co.,* 154 Md. 159, 162, 166. The cases in other states, where the statutes impose an absolute liability on the principal contractor, and not merely a liability if insurance is not carried by the employer, are to the same effect. See notes 151 A. L. R. 1359 and 166 A. L. R. 813.

The appellant argues that under our statute the injured workman has a choice of claiming compensation

against only two persons, his employer and the principal contractor, in this case Leimbach. We think there is no merit in the contention. He attempts to read the words "principal contractor" in the statute as referring to the general contractor and excluding all other intermediate contractors. We find no such limitation in the language or purpose of the section, and the last paragraph, dealing with the interpleading of intermediate contractors when a claim is filed, is clearly predicated upon their liability for compensation. The same result has been reached by the Connecticut courts in construing a similar provision. See *Palumbo v. George A. Fuller Co.*, 122 A. 63, 65 (Conn.) ; *Bogoratt v. Pratt & Whitney Aircraft Co.*, 157 A. 860 (Conn.) ; *Farrell v. L. G. De Felice & Son*, 42 A. 2d 697, 701 (Conn.).

*Judgment affirmed, with costs.*