Earl CHAVIS, Appellant,

v.

E. I. DU PONT DE NEMOURS & COMPANY, Appellee.

No. 8133.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 12, 1960.

Decided Nov. 14, 1960.

Henry Hammer, Columbia, S. C. (Marshall B. Williams, Orangeburg, S.C., Solomon Blatt, Jr., Barnwell, S. C., and Henry H. Edens, Columbia, S. C., on the brief), for appellant.

J. Means McFadden, Columbia, S. C. (Robinson, McFadden & Moore, Columbia, S. C., on the brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

HAYNSWORTH, Circuit Judge.

An injured employee of a subcontractor seeks to maintain a common law action against the general contractor for damages on account of the injury. His theory is that only the owner and the subcontractor were his employers within the meaning of South Carolina's Workmen's Compensation Act. He contends that the general contractor had no duty to compensate him under the Act and, therefore, is not entitled to the Act's protection against common law liabilities.

We think the District Court properly granted the defendant's motion for summary judgment.

In 1950, E. I. du Pont de Nemours and Company entered into a contract with the Atomic Energy Commission, by which du Pont, under the close supervision of the Commission and subject to its instructions, undertook the design, construction and operation of unspecified facilities in contemplation of the production of thermonuclear weapons. The resulting facilities, located in South Carolina, are known, collectively, as the Savannah River Plant. The contract between du Pont and the A. E. C. and the resulting relationship between the two were considered and summarized in some detail in United States v. Livingston, D.C.E.D.S.C., 179 F.Supp. 9, affirmed sub. nom. Livingston v. United States, 364 U.S. 281, 80 S.Ct. 1611, 4 L.Ed.2d 1719.

By a supplement to the original letter contract, du Pont represented it had obtained workmen's compensation insurance protecting it and all cost-plus-a-fixed-fee subcontractors engaged in the work at the plant site.

By a contract with du Pont, Miller and Dunn Electric Companies undertook certain electrical work on the site of the plant. In this contract, du Pont agreed to provide workmen's compensation insurance for the benefit of Miller-Dunn's employees. Under this contract, the plaintiff, with other employees of Miller-Dunn, was engaged in the dismantling of temporary power lines. The plaintiff fell from a pole and was injured. He alleges that du Pont's negligence caused the fall.

The plaintiff has received compensation for his injuries under South Carolina's Workmen's Compensation Act from du Pont's workmen's compensation insurance carrier. He disclaimed realization of the identity of the payor of his compensation, and brought this action at common law against du Pont.

The plaintiff's objection to the summary judgment against him is founded upon an answer to an interrogatory

which concedes that du Pont's work at the Savannah River Plant is "part of the trade, business and occupation" of the Atomic Energy Commission. Whether this may be properly construed as leaving open the question whether the A. E. C. was in the business of dismantling temporary power lines [1] within the meaning of the state statute, we need not consider. Whatever the scope of the business of A. E. C., du Pont, under the statute, was a statutory employer of the plaintiff, responsible for compensation to him under the Act and protected by the Act's immunity from common law actions.

South Carolina's Workmen's Compensation Act [2] contained in § 19, quoted in the margin,[3] the provisions around which this controversy revolves. In the Code of Laws of South Carolina, 1952, § 19 of the original Act is subdivided into several different sections.

Section 72–111 of the 1952 Code contains the provision that when an owner undertakes work which is part of his business and contracts with another, designated a "subcontractor," for the other to perform all or part of the work, the owner is liable for workmen's compensation to the employees of the "subcontractor." Section 72–112 makes a

1. See Blue Ridge Rural Electric Co-operative, Inc. v. Byrd, 4 Cir., 238 F.2d 346; Byrd v. Blue Ridge Cooperative, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953.

2. 39 Stat. 1231.

3. "§ 19. Rights of Employees of Sub-Contractors—Rights and Liability of Contractor and Sub-Contractors.—(a) Where any person (in this section referred to as 'owner'), undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person (in this section referred to as 'subcontractor') for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any workman employed in the work any compensation under this Act which he would have been liable to pay if the workman had been immediately employed by him.

"Where any person (in this section referred to as 'contractor') contracts to perform or execute any work for another person, which work or undertaking is not a part of the trade, business or occupation of such other person and contracts with any other person (in this section referred to as 'subcontractor') for the execution or performance by or under the subcontractor of the whole or any part of the work undertaken by such contractor, then the contractor shall be liable to pay to any workman employed in the work any compensation under this Act which he would have been liable to pay if that workman had been immediately employed by him.

"Where the subcontractor, as the term is hereinbefore used, in turn contracts with still another person (in this section also referred to as 'subcontractor') for the performance or execution by or under such last subcontractor of the whole or any part of the work undertaken by the first subcontractor, then the liability of the owner or contractor, as those terms are hereinbefore used, shall be the same as the liability imposed by the preceding paragraphs of this subsection.

"Where compensation is claimed from or proceedings are taken against the owner or contractor, as those terms are hereinbefore used, then, in the application of this Act reference to the owner or contractor shall be substituted for reference to the subcontractor, except that the amount of compensation shall be calculated with reference to the earnings of the workman under the subcontractor by whom he is immediately employed.

"(b) Where the principal contractor is liable to pay compensation under this section, he shall be entitled to indemnity from any person who would have been liable to pay compensation to the workman independently of this section or form [sic] an intermediate contractor, and have a cause of action therefor.

"(c) Nothing in this section shall be construed as preventing a workman from recovering compensation under this Act from a subcontractor instead of from the principal contractor, but he shall not collect from both.

"(d) A principal contractor when sued by a workman of a subcontractor shall have the right to call in that subcontractor or any intermediate contractor or contractors as defendant or co-defendant."

contractor who contracts to do work for an owner, which is not part of the owner's business, responsible for workmen's compensation to the employees of his subcontractors. By § 72–113, the benefits of §§ 72–111 and 112 are extended to the employees of sub-subcontractors. Section 72–115 provides that when the "principal contractor" is liable for compensation under §§ 72–111–116, he is entitled to indemnity from anyone otherwise responsible for compensation for the injured employee "or from an intermediate contractor," and may maintain an action for the indemnity. Section 72–115 also gives the "principal contractor" the right to call in the immediate employer or any intermediate contractor as defendant or co-defendant in the compensation action. Section 72–121 makes the statutory remedies exclusive of all other rights and remedies against an employer.

■ The plaintiff, reading § 72–112 narrowly, contends a general contractor is responsible for compensation of employees of subcontractors only if engaged in work which is not the business of the owner. Indeed, it is true that § 72–111 applies only if the work done is the business of the owner and § 72–112 only if it is not. It is evident, however, that once the highest responsible person is determined by reference to §§ 72–111 and 112, every intermediate contractor and subcontractor under him shoulders the same, indeed the primary, obligation, for the "principal contractor" is entitled to indemnity from him and to call him in to defend the compensation claim.

In construing almost identical provisions of Virginia's Workmen's Compensation Act, the Supreme Court of Appeals of that State has said:[4]

"The section makes the owner liable if the workman, no matter how far down the line, is doing work which the owner has undertaken to perform as a part of his own trade, business or occupation. But if the work which the workman is doing is not a part of the trade, business or occupation of the owner, and the owner contracts with a contractor to do it, the contractor is liable to the workman, but not the owner. * * *

"It clearly appears to be the purpose of section 20(a) to bring within the operation of the Compensation Act all persons engaged in any work that is a part of the trade, business or occupation of the original party who undertakes as owner, or contracts as contractor, to perform that work, and to make liable to every employe engaged in that work every such owner, or contractor, and subcontractor, above such employe. But when the employe reaches an employer in the ascending scale, of whose trade, business or occupation the work being performed by the employe is not a part, then that employer is not liable to that employe for compensation under section 20(a). At that point paragraph 5 of section 12 intervenes and the employe's right of action at common law is preserved."

The plaintiff's theory loses consistency as soon as §§ 72–111 and 112 are read in connection with other provisions of the Act. The indemnification provisions make it plain that the primary obligation is that of the immediate employer, next of an intermediate contractor, only lastly that of the § 72–111 or § 72–112 employer. It can hardly be said that the Act imposes no duties upon an intermediate employer when it clearly places upon him an absolute duty of indemnification of the highest level employer.

Moreover, § 72–116 specifically authorizes an injured employee to proceed against a subcontractor, and § 72–111 designates du Pont a subcontractor if that section is applicable.

■ It is perhaps significant that the indemnification and immunity sections, refer to the "principal contractor" and to the "employer," terms which may not be

4. Sykes v. Stone & Webster Engineering Corporation, 186 Va. 116, 41 S.E.2d 469, 472.

restricted to those employer-contractors who fall within the definitions of §§ 72–111 and 112. Courts have generally construed "principal contractor," as used in similar statutes, to include intermediate contractors.[5] The term "employer" as used in the immunity provision of § 72–121, was clearly intended to include others than the immediate employer. This the Supreme Court of South Carolina has held expressly.[6] We think it must include every person whom the Act makes responsible for compensation.

This precise question seems never to have been raised in the Supreme Court of South Carolina. If it may be said to be present here, it certainly was present, however, in Smith v. Fulmer, 198 S.C. 91, 15 S.E.2d 681, 683, where the general contractor was engaged in the construction of a bridge for the State Highway Department. If the A. E. C. is in the business of dismantling temporary power lines which had been used in the construction of facilities for it, the Highway Department is in the business of building highway bridges. While there appears to have been no effort there to characterize the general contractor as a "subcontractor" under the provisions of § 72–111, the statement of the South Carolina Supreme Court of its approach to the problem is applicable here. It said:

> "It seems to us that the true test is: Was the employee doing something for the subcontractor which bore some reasonably direct relation to the performance 'of the work undertaken' by the contractor? The subcontractor, Sherard, simply stepped into the shoes of Fulmer with reference to the work of mak-

ing the fills and laying the concrete paving. We think the admitted facts demonstrate that Smith, the deceased employee, was employed in the work which Sherard had agreed to perform for Fulmer, and hence under the terms of the statute Fulmer is liable just as if Smith had been immediately employed by him, for he was actually doing Fulmer's work, that is to say, he was actually doing something which was essentially related to the fulfillment of the contract made by Fulmer with the State Highway Department."

So here, with respect to this work, Miller and Dunn stepped into du Pont's shoes. Their employees were doing du Pont's work and du Pont was responsible under the Act for compensation of those employees of Miller and Dunn who were injured in performance of the work.

▬ The plaintiff makes the further point that since du Pont subcontracted all of the dismantling of temporary power lines, that work was not du Pont's work or business. The point is inconsistent with the plaintiff's primary theory that such work was the business of A. E. C. The point is immaterial, however, for only the liability of an owner is restricted to the scope of his business. The Act contains no express limitation upon the liabilities of contractors. Whatever a contractor engages to do is his work whether he executes it through employees immediately or remotely employed by him. If in other circumstances, therefore, some limitation to the scope of the contractor's work may be implicit in the affirmative provisions of the Act, it has no application here.

Affirmed.

5. Kegley v. Vulcan Rail & Const. Co., 203 Md. 476, 101 A.2d 822; Palumbo v. George A. Fuller Co., 99 Conn. 353, 122 A. 63; Pascoal v. Mortenson, 109 Conn. 39, 145 A. 149; Bogoratt v. Pratt & Whitney Aircraft Co., 114 Conn. 126, 157 A. 860.

6. Younginer v. J. A. Jones Const. Co., 215 S.C. 135, 54 S.E.2d 545; Marchbanks v. Duke Power Co., 190 S.C. 336, 2 S.E. 2d 825.