**Mildred Naomi DONOHUE et al., Plaintiffs,**

v.

**MARYLAND CASUALTY COMPANY, Defendant.**

**Mildred Naomi DONOHUE, Administratrix, Plaintiff,**

v.

**MARYLAND CASUALTY COMPANY, Defendant.**

**Rosa Lee GRUBB et al., Plaintiffs,**

v.

**The TRAVELERS INSURANCE COMPANY et al., Defendants.**

**Rosa Lee GRUBB, Administratrix, Plaintiff,**

v.

**The TRAVELERS INSURANCE COMPANY et al., Defendants.**

**Civ. A. Nos. 16067, 16068.**

United States District Court
D. Maryland.

Dec. 21, 1965.

Bernard M. Goldstein, Baltimore, Md., for plaintiffs.

William B. Somerville, and Smith, Somerville & Case, Baltimore, Md., for defendant Md. Cas. Co.

Michael P. Crocker, Baltimore, Md., for defendant The Travelers Ins. Co.

WINTER, District Judge:

Motions to dismiss in the above entitled cases raise the question of whether the surviving dependents and estate of a deceased workman who have received or are entitled to receive workmen's compensation benefits under the Maryland Workmen's Compensation Act, Annotated Code of Maryland, Article 101, allege a cause of action when they allege that negligence on the part of the employer's workmen's compensation insurer, hereafter more particularly described, constituted a proximate cause of the workman's death. The allegations in the two suits will be separately stated.

In Civil Action No. 16067, it is alleged that the plaintiffs' decedent, Oran Lee Donohue, was an employee of the Arundel Corporation, working at one of its quarries in Havre de Grace, Maryland, and that the defendant, Maryland Casualty Company, was the insurance carrier of Arundel under a policy of workmen's compensation and employer's liability insurance in effect at the date of the occurrence. Plaintiffs' decedent was killed as a result of a dynamite blasting operation. It is alleged, alternatively, that pursuant to its policy defendant was under a duty, or undertook, to inspect the work places, machinery and equipment of Arundel, and to advise, report and make recommendations as to the existence of any unsafe, negligent or dangerous conditions in and about the same. The negligent performance or neglect of these duties or undertakings is alleged to have resulted in the fatal accident.

In Civil Action No. 16068, the allegations follow the same pattern. The deceased, William Edwin Grubb, was a construction worker, employed by Babcock & Wilcox Company, engaged in contracting work at the plant of defendant Potomac Electric Power Company, at Chalk Point, Prince George's County, Maryland. Defendant Travelers was the insurance carrier of the employer and, on the date of the fatal accident, had in force and effect a policy of workmen's compensation and employer's liability insurance. The decedent was killed while he was engaged in loading a nineteen-ton boiler header onto a freight car, with the use of a railroad crane, sold and dis-

tributed by defendant American Hoist & Derrick Company, when a cable supporting the boom of the crane broke, causing the boom to fall and crush him. Under the policy defendant Travelers, it is alternatively alleged, had the duty, or undertook to inspect the work places, machinery and equipment used by the employer, and to advise, report, counsel and recommend to the employer the existence of any unsafe, dangerous, hazardous or negligent conditions thereabout. The contentions are that defendant Travelers negligently failed to carry out its duty of inspection; negligently inspected and permitted the employer to use a dangerous method of operation in loading the boiler header; failed properly to test, examine, inspect and otherwise ascertain the safety of the employer's mode of operation; permitted the use of defective machinery; failed to warn the employer of unsafe conditions; failed to suggest, recommend, advise and counsel a modification of unsafe operating procedures; and that these acts of negligence constituted a proximate cause of decedent's death.

The defendant's motion to dismiss in Civil Action No. 16067, and the motion of defendant Travelers to dismiss as to it in Civil Action No. 16068, are predicated on two Maryland decisions, Flood v. Merchant's Mutual Ins. Co., 230 Md. 373, 187 A.2d 320 (1963), and Zamecki v. Hartford Acc. & Indem. Co., 202 Md. 54, 95 A.2d 302 (1953). Based on the former, these defendants contend that they were the insurers of the workmen's compensation liability of the employers and, as such, are immune from the common law claims alleged in the complaints. They contend that they are not parties "other than the employer" within the meaning of Annotated Code of Maryland, Art. 101, § 58 (1957), which preserves the common law rights of recovery to an employee, or in the case of his death to his personal representatives or dependents, against "some person other than the employer;" hence, they enjoy the employer's immunity from this type of suit established by Art. 101, §§ 15 and 36.

Based on the last cited case, these defendants contend that they owed no duty to the plaintiffs or their decedents the breach of which would give rise to tort liability on their part.

In the Flood case, supra, suit was instituted against the employer's workmen's compensation insurer by a coal yard employee who was injured when a large lump of coal fell from the coal elevator and struck him in the back while he was in a stooped position shoveling coal. It was alleged that the insurer selected two physicians to treat the plaintiff, that these physicians negligently failed to make a correct diagnosis or to treat him for his real injury and, further, that they negligently recommended that he return to employment at a time when he suffered an uncorrected injury. Although not specifically alleged, Article 101, § 37, requires an employer to provide for an injured employee such medical or surgical treatment as may be required by the Workmen's Compensation Commission; and it was in the performance of this obligation that the defendant had sent the employee to the two physicians whose alleged malpractice formed the basis of the suit.

A demurrer was sustained to the declaration, and this ruling was sustained on appeal. The Court held that the employee was barred by the provisions of Article 101 from bringing an action against the insurer as to the physicians' alleged malpractice under the circumstances set forth. The Court reached this result by pointing out that the Maryland Workmen's Compensation Act is a substitute for the employer's common law liability for negligence and creates an exclusive and absolute, but limited, liability regardless of fault. Insurance carriers who contract as authorized by Article 101 to assume an employer's liability under the Act, " * * * stand in the position of the employer." The Court recognized that in other jurisdictions the right of an employee to sue the employer's insurer had been denied due to the exclusiveness of the remedy under the applicable state law, and that there

was authority for the same result where the Federal Employees' Compensation Act or the Longshoremen's and Harbor Workers' Compensation Act were applicable. While the Court remarked that there may be differences in the wording of various state and federal compensation acts from that of Maryland, such differences were not important because the Maryland Act, Article 101, § 58, speaks of the third persons against whom actions are allowed as "some person other than the employer." Concluding its chain of reasoning, the Court stated: "Considering the employer and the insurer to be one and the same as far as the exclusiveness of the remedy is concerned, the appellant is precluded from maintaining his action under this section, since the insurer-appellee is not a third party as contemplated by § 58." Flood v. Merchant's Mutual Ins. Co., supra, at 378, 187 A.2d at 323.

■ On its facts, Flood thus holds that when an insurer is performing the duty of an insured employer imposed on him by Article 101, it obtains the employer's immunity to suit for tort liability. In this case the duty which the insurer is charged with performing negligently is not a duty imposed on the employer by Article 101, but it is a duty which is imposed on the employer at common law. An employer has the duty to provide a reasonably safe place to work, and this includes the duty to make inspections and to take safety measures in fulfillment of that obligation. See Long Co. v. State Accident Fund, 156 Md. 639, 144 A. 775 (1929).

Plaintiffs cite authorities from other jurisdictions in support of their argument that the insurer's immunity, recognized in Flood, should not be extended to insulate an insurer against tort liability where it undertakes an employer's duty beyond that imposed on the employer by the Act. Nelson v. Union Wire Rope Corp., 31 Ill.2d 69, 199 N.E.2d 769 (1964) (interpreting the Florida Workmen's Compensation Act); Smith v. American Employers' Ins. Co., 102 N.H. 530, 163 A.2d 564 (1960) (interpreting the New Hampshire Workmen's Compensation Act, which has been amended to achieve legislative reversal of the decision); Mays v. Liberty Mutual Ins. Co., 323 F.2d 174 (3 Cir. 1963); Fabricius v. Montgomery Elevator Co., 254 Iowa 1319, 121 N.W.2d 361, 93 A.L.R.2d 591 (1963); and Mager v. United Hospitals of Newark et al., 88 N.J.Super. 421, 212 A.2d 664 (1965).

■ While Flood on its facts does not specifically decide the issue presented in the cases at bar, it is the duty of this Court in a diversity action to make an informed prediction of what the Maryland Court of Appeals would decide when presented with the question. It is no part of the duty of this Court to attempt to lead or nudge the Maryland Court of Appeals into acceptance of legal doctrine which clearly does not stem from cases which it has adjudicated. Flood was decided in 1963. It has not been overruled, and it cannot be said that it has been so eroded by time that it is not one of the latest expressions of the Maryland Court of Appeals from which it can be determined what that Court would decide were it presented by the cases at bar. The Mager case, supra, also a malpractice case, manifestly is in conflict with Flood, and must be rejected as a controlling authority for that reason.

Plaintiffs' other authorities cited above arise under statutes different in divers and diverse respects from the Maryland Workmen's Compensation Act. I am satisfied, however, that the differences in the statutes construed do not explain the difference in results. Rather, the difference in results are explainable only by differences in approach to the construction of Workmen's Compensation statutes, i. e., differences in philosophy of interpretation. Flood is not unique in espousing the doctrine which it teaches, as the authorities cited in Flood demonstrate. To the same effect as Flood is Martin v. Consolidated Casualty Co., 138 F.2d 896 (5 Cir. 1943).

■ If it be held, as it was in Flood, that an insurer is immune from tort liability when it performs a duty imposed on

the employer by the Workmen's Compensation Act, no discernible reason is apparent why it should not also be immune when performing a duty imposed on the employer at common law, just as the employer is immune when performing either class of duties. Defendants were performing the duties of Arundel Corporation and Babcock & Wilcox Company, respectively, because the duty to provide a safe place to work, including the duty to make inspections and take reasonable safety measures, was the duty of the employers. Long Co. v. State Accident Fund, supra. Logically, therefore, although not explicitly, Flood does decide the question presented by these two suits. What is the proper rule to apply when insurers commit an act of negligence in carrying out activities which an employer has no duty to perform need not now be decided.

That Flood logically decides this question also appears from other Maryland decisions in the area of Workmen's Compensation law. Maryland equates liability on the part of a person to pay workmen's compensation benefits to an immunity of that person from suit for tort liability. Thus, it has been held that a fellow-servant of an employee is not immune from a suit for tort liability, because he is not required to provide or secure benefits under the Workmen's Compensation Act. Crown Cork & Seal Co., Inc. v. Hutter, Super.Ct. of Baltimore City (Daily Record, Mar. 13, 1943, p. 5). Similarly, a principal contractor is not liable in tort to an employee of a subcontractor or an employee of a sub-subcontractor, because, under § 62, Article 101, he may be required to pay or secure compensation to that employee. Ryan v. Bethlehem Sparrows Point Shipyard, 192 F.2d 636 (4 Cir. 1951); State to Use of Hubert v. Benjamin F. Bennett Bldg. Co., 154 Md. 159, 140 A. 52 (1928); State to Use of Reynolds v. City of Baltimore, 199 Md. 289, 86 A.2d 618 (1952); Kegley v. Vulcan Rail & Constr. Co., 203 Md. 476, 101 A.2d 822 (1954). Cf. Palumbo v. Nello L. Teer Co., 240 F.Supp. 226 (D.

Md.1965). When that rule is applied in the cases at bar the conclusion follows that defendant in Civil Action No. 16067 and defendant Travelers in Civil Action No. 16068 are entitled to dismissal.

As an independent ground for dismissal, the moving defendants rely on Zamecki v. Hartford Acc. & Indem. Co., supra, but I cannot conclude that they are entitled to dismissal independently on that authority. It is perhaps significant that the Zamecki case has not been cited by the Maryland Court of Appeals in the twelve years which have elapsed since it was announced. I read the case to proceed on a unique set of facts. There, suit was brought, not by a workman but by a member of the public injured in the collapse of a grandstand against an insurance carrier. The insurer had written a policy for Coronati Amusements, Inc., whose participation in the erection of the stands was not alleged in the pleadings. The case was decided on demurrer to the initial pleading apparently on the basis that the absence of an allegation as to the role played by Coronati rendered the pleadings against its insurer fatally defective. Zamecki, thus construed, decides only that a connection between plaintiff and the insurer must be alleged, an allegation made in both cases here.

Because of the unusual allegations before it, I am not convinced that Zamecki removes Maryland from the mainstream of jurisdictions which follow the oft repeated language of Justice Cardozo in Glanzer v. Shepard, 233 N.Y. 236, 135 N.E. 275, 276, 23 A.L.R. 1425 (1922), when he said: "It is ancient learning that one who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all." Indeed, this rule was recognized in Hoover v. Williamson, 236 Md. 250, 203 A.2d 861 (1964). See also, Restatement, Torts 2d §§ 323, 324A (1965). Viewed in the light of this rule alone, the complaints allege good causes of action.

Defendants' motions to dismiss will be granted.